# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| SUSAN WELLS,<br>on Behalf of Herself and All<br>Others Similarly-Situated,<br><br>    *Plaintiff,*<br><br>v.<br><br>HOUSING AUTHORITY OF MADISONVILLE<br><br>    *Defendant.* | **CLASS ACTION AND**<br>**AND COLLECTIVE ACTION**<br><br>CASE NO. 4:21-CV-127-JHM<br><br>**JURY DEMANDED** |

## CLASS ACTION AND COLLECTIVE ACTION COMPLAINT

Comes Plaintiff Susan Wells, by and through counsel, and, for her Complaint against Defendant Housing Authority of Madisonville states as follows:

### I.  Summary of the Action

1. Plaintiff brings this action as a proposed collective action under the Fair Labor Standards Act and class action under the Kentucky Wages and Hours Act relating to Defendant's illegal policies of depriving employees of wages. Defendant failed to comply with the FLSA and the KWHA by adopting common policies applicable to numerous employees that deprived employees of wages. Specifically, Defendant, knew that employees performed work prior to the scheduled beginning of their shift, during their lunch hour, and/or after the scheduled end of their shift, but did not pay employees for this work unless employees were specifically "called in". In essence, Defendant required, or, at the very least, suffered or permitted, Plaintiff and other employees to perform overtime work which Defendant did not pay overtime compensation. In addition, Defendant improperly delayed paying even the overtime it did pay.

## II. Jurisdiction and Venue

2. This Court has jurisdiction over the claims of Plaintiff and those similarly situated pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216(b).

3. This Court has and should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claims under the Kentucky Wages and Hours Act ("KWHA") because they are so related to Plaintiff's claims under the FLSA that they form part of the same case or controversy and arise from the same set of operative facts as Plaintiff's claims under the FLSA.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant's principal place of business is in Madisonville, Kentucky (within the District of this Court), and it is from this District that Defendant orchestrated their illegal practices of refusing to pay Plaintiff and the similarly-situated employees.

## III. Parties

5. Plaintiff is a resident of Kentucky. Plaintiff's consent pursuant to 29 U.S.C. 216(b) to bring this action is attached hereto as Exhibit 1.

6. Defendant Housing Authority of Madisonville which has its principal place of business at 211 Pride Avenue, Madisonville, Kentucky 42431, and may be served by service of process on its Executor Director, James Nichols, 211 Pride Avenue, Madisonville, Kentucky 42431.

7. At all times relevant to this Complaint, Defendant had at least two employees who, as part of their work for Defendant, handle or otherwise work on or with goods or materials that have been moved in interstate commerce.

8. For example, Defendant's maintenance employees, in maintaining Defendant's residential rental units, regularly install appliances, parts and materials which have moved in

interstate commerce, use tools which have moved in interstate commerce, and regularly drive and/or ride in Defendant's truck that, upon information and belief, was built outside of the Commonwealth of Kentucky.

9. Defendant's annual sales have, at all relevant times to this Complaint, exceeded $500,000.00.

10. Defendant is an enterprise engaged in commerce or in the production of goods for commerce, as defined in 29 U.S.C. § 203.

### IV.   Facts

11. Plaintiff worked in Defendant's maintenance department.

12. Defendant classified Plaintiff's position and her work as not exempt from the requirements of the Fair Labor Standards Act.

13. When Defendant would credit Plaintiff with having performed work in excess of forty hours per week, it would pay Plaintiff at an overtime rate of pay.

14. For example, attached hereto as Exhibit 2 is Plaintiff's pay summary dated October 30, 2021, which reflects that Defendant paid Plaintiff for 80 hours of work at a base rate of pay of $23.30 per hour and 24 hours of overtime work at a rate of $34.95 (exactly 1.5 times the base rate of pay).

**Defendant Fails to Compensate Employees for Work, Including Overtime Work, Performed In Excess of Scheduled Work Hours.**

15. Defendant established standard working hours during which it required employees to work and paid employees for their work.

16. For instance, prior to August, 2021, Plaintiff's scheduled working hours were from 7:00 am until 12:00 pm with a lunch break from 12:00 pm until 1:00 pm, and then additional work from 1:00 pm until 4:00 pm.

17. However, in reality, employees worked additional time beyond the scheduled work hours.

18. The work performed in excess of the scheduled hours was generally overtime work (work in excess of forty hours in the workweek).

19. Indeed, Defendant's Employee Handbook, a true and accurate copy of which is attached hereto as Exhibit 3, specifically contemplates that "[t]he regular work week shall consist of a minimum of forty (40) hours…. In some cases, it will be necessary to require that employees work overtime."

20. Plaintiff and other employees worked prior to the scheduled shift start time.

21. For example, Plaintiff regularly arrived and began performing work between 5:30 am and 6:00 am but was did not begin receiving compensation until 7:00 am.

22. Plaintiff similarly would perform work after the scheduled end of her shift, as well as during her scheduled lunch break.

23. Defendant was similarly aware of this work, but did not pay Plaintiff for this work unless received a "call in" to come and perform a repair while Plaintiff was "on call."

24. Plaintiff would frequently send text communication regarding work related matters with Whitney Bundren, who was at that time Defendant's Executive Director.

25. Many of these messages were prior to 7:00 a.m., during lunch, or after 4:00 p.m.

26. Ms. Bundren would often respond within a very short period of time to Plaintiff's text messages to address or acknowledge the applicable business question, demonstrating that Ms. Bundren was aware that Plaintiff was at that time performing work.

27. However, Plaintiff was never paid for her work outside her scheduled work hours unless she received a "call in" to come and perform a repair while Plaintiff was "on call."

28. Part of Plaintiff's work involved creating work orders in Defendant's computer system.

29. Upon information and belief, Defendant's computerized work order system maintains the exact time when Plaintiff created work orders, and will reflect that many work orders were created by Plaintiff during the times Plaintiff worked but was not compensated (i.e., prior to 7:00 a.m., during Plaintiff's lunch hour, and after 4:00 p.m.).

30. Plaintiff worked many, many hours of work for which she was not compensated.

31. Many of these hours were hours in excess of forty hours in the workweek.

32. Numerous other non-exempt employees of Defendant worked before and after their scheduled shifts, and during their scheduled lunch hour, and were not paid for this work, which included for all (or, in the alternative, most) of these employees uncompensated work in excess of forty hours in the work week.

**Defendant Illegally Fails to Promptly Pay Overtime Compensation as Required**

33. In addition to depriving Plaintiff and similarly-situated employees of compensation by not paying employee for time worked in excess of the scheduled forty hours per week unless the employee was "called in" while "on call," Defendant also did not pay employees promptly for employees' overtime work.

34. Specifically, Defendant had an official policy of paying employees for their regular work twice a month.

35. However, while employees would be paid for their regular work promptly at the end of the semi-monthly period, employees would not be paid for their overtime work performed during the same period until the end of the next semi-monthly period (generally 15 or 16 days later).

36. Defendant's Employee Handbook provides that:

**Section 3.9 Method of Payment**
All regular employees shall be paid on the 15th and 30th days of each month. Salary payment is made biweekly for base salary due up to the pay date. Overtime payment, which is included with the nonexempt employee's base salary payment, is also paid biweekly with such payment covering hours worked in the prior biweekly period….

37. Defendant paid employees, including Plaintiff and other non-exempt employees, "salary" for their non-overtime work.

38. The "salary" for non-overtime work was payment for 80 "hours" at the employee's base rate of pay, no matter how many days of work were performed during the semi-monthly; thus, an employee would receive the same "salary" payment every semi-monthly period.

39. Stated another way, employees would receive the same "salary" for their non-overtime work for a semi-monthly period containing eleven or more "business" days (for which the employee would be regularly scheduled to work eight hours per day) as the employees would receive in a semi-monthly period containing ten or less working days.

40. Defendant would pay employees the "salary" payment for non-overtime work on the last day of the period.

41. Thus, Defendant paid employees for their non-overtime work for the semi-monthly period from the 16th of the month until the 30th of the month on the 30th of the month; likewise, Defendant paid employees for their non-overtime work for the semi-monthly period from the 31st or 1st of the month through the 15th of the month on the 15th of the month.

42. However, upon information and belief, when Defendant credited the employees with working both non-overtime and overtime work in a period, the overtime payments would not be paid until the next pay period **after** the employee was paid the "salary" for the non-overtime portion of the work.

43. For example, upon information and belief, if Defendant credited an employee with working non-overtime work and also working ten hours of overtime work during the period between the 16th and 30th of August, the employee would be paid "salary" for the employee's non-overtime work during that period on August 30, but Defendant would not pay the employee for the ten hours of overtime work during theperiod until September 15th (at which time Defendant would also pay the employee for the employee's non-overtime work from August 31st through September 15th).

44. Defendant's policy of delaying the payment of overtime compensation until 15 or 16 days after the time non-overtime compensation for the same time period was paid was illegal.

45. Specifically, Defendant did not pay the overtime compensation owed as soon after the regular pay day for the period as was practicable.

46. Defendant delayed paying overtime compensation for longer than was reasonably necessary to compute and arrange for payment of the amount of overtime compensation due.

47. Defendant required that the amount of time for which employees would be credited with working during a period be submitted for payroll purposes two business days prior to the end of the pay period.

48. Thus, continuing the example above, Defendant would review two business days before August 30th the amount of time which the employee was to be credited with working from August 16th through August 30 (for example, in 2021, when August 30 fell on a Monday, Defendant would review on Thursday, August 26 the amount of time which the employee was to be credited with working from August 16th through August 30).

49. For the overtime worked from the beginning of the pay period until the end of the day on the before the day two business days before the end of the pay period (e.g., for overtime

work performed from August 16 until Wednesday, August 25, 2021 (the day before the August 26 review of time in advance of the August 30 payday)), Defendant had the capability to compute and pay such overtime on the same day (the last day of the pay period) as the employee was paid the non-overtime work.

50. However, upon information and belief, Defendant did not pay Plaintiff and similarly-situated employees for such overtime worked (from the beginning of the pay period until the end of the day before the day two business days before the end of the pay period) on the last day of the pay period; instead, Defendant chose not to pay employees for such overtime worked until 15 or 16 days later on the last day of the next pay period.

51. Further, for overtime work performed from the date two business days prior to the last day of the pay period until the last day of the pay period, Defendant could have reasonably and practicably computed the amount owed for such work within two business days after the last day of each pay period (as evidenced in part by Defendant's policy and practice of reviewing the times each employee was to be credited with working two business days before the last day of the pay period).

52. Stated another way, no time beyond two business days beyond the end of the pay period was reasonably necessary for Defendant to compute and arrange for payment of the amount due for employees' overtime work through the end of the pay period.

53. Paying employees their overtime compensation within two business days after the last day of each pay period would have been within Defendant's capacity, practicable and reasonable.

54. Indeed, upon information and belief, Defendant had the capability to, and regularly did, "cut checks" to vendors and others owed, and paid them within two business days, and even on the same day, as the vendor requested payment.

55. Defendant chose not to pay employees the overtime owed within two business days after the last day of each pay period but instead chose to delay payment of overtime compensation until 15 or 16 days after the end of the pay period.

56. Because Defendant failed to pay overtime compensation when it was due, Defendant should be required to pay liquidated damages in the same amount as the overtime compensation it improperly delayed paying. *See*, *e.g.*, *Martin v. U.S.,* 117 Fed. Cl. 611 (2014); *Brennan v. City of Philadelphia*, 2016 WL 3405449 at *2-4 (E.D. Pa. June 21, 2016).

57. Defendant deprived numerous of its other employees of pay, including overtime pay, in the same manner as Plaintiff.

58. Defendant's failure to pay Plaintiff and the similarly-situated employees overtime compensation was willful.

### V. Collective Action Allegations Under the FLSA

59. Plaintiff brings this action under the FLSA on behalf of herself and all similarly-situated current and former employees of Defendant who worked as non-exempt employees for Defendant and were not fully and promptly paid for their overtime work which Defendant should have paid within the last three years.

60. Plaintiff may, and reserves the right to, differently or more completely define the persons Plaintiff contends are similarly-situated to Plaintiff for purposes of the FLSA in a motion requesting that the Court authorize a notice to be sent to those persons (commonly referred to as a "motion for conditional certification").

61. The employment policies, practices and agreements of Defendant raises questions of fact common to the proposed collective group including:

    a. whether Defendant has engaged in a pattern or practice of permitting or requiring Plaintiff and members of the proposed collective group to work in excess of forty hours per workweek for the benefit of Defendant and without appropriate compensation, in violation of the FLSA;

    b. Whether Defendant has failed to pay overtime compensation as soon as practicable after the regular pay day on which the employee is paid for non-overtime work performed;

    c. whether Defendant has engaged in a pattern or practice of failing to keep accurate records showing all hours worked by Plaintiff and members of the proposed collective group, in violation of the FLSA;

    d. whether the conduct of Defendant was willful;

    e. whether Plaintiff and members of the proposed collective group are entitled to lost wages, liquidated damages and the other relief requested.

62. The claims of Plaintiff are similar to those of the members of the proposed collective group, in that Plaintiff has been subject to the same conduct as members of the proposed collective group and Plaintiff's claims are based on the same legal theory as members of the collective group.

63. The Collective members are victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay and employment practices.

64. Defendant's failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiff is similarly situated to the members of the Collective.

65. The similarly-situated employees are known to Defendant and are readily identifiable and may be located through Defendant's business records and the records of any payroll companies Defendant uses.

66. Plaintiff's FLSA claims are maintainable as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

## VI. Class Action Allegations Relating to Defendant's Violation of the Kentucky Wages and Hours Act Pursuant to Federal Rule of Civil Procedure 23

67. Plaintiff brings this action under the Kentucky Wages and Hours on behalf of herself and all similarly-situated current and former employees of Defendant who worked for Defendant and were not fully-paid for their work, including their overtime work for which for Defendant which Defendant should have paid within the last five years

68. Plaintiff brings Counts II of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, individually, and on behalf of herself and the following class:

> all current and former employees of Housing Authority of Madisonville who (A) were not fully-paid since November 29, 2016 for all compensation due for such employee's work in one or more workweeks and/or (B) who were paid for overtime work since November 29, 2016, but were not paid for such work at the same time as being paid for non-overtime work performed in the same time period, under circumstances under which Housing Authority of Madisonville reasonably could have paid for such overtime work at the same time as the payment for non-overtime work performed in the same time period, or otherwise paid for such overtime work earlier than it did.

69. Plaintiff is a member of the class she seeks to represent.

70. Defendant failed to pay Plaintiff and the members of the class she seeks to represent wages for work performed, as described herein, in violation of the KWHA.

71. Under the KWHA, employers are required to pay overtime compensation to non-exempt employees for overtime work performed by such employees.

72. As Plaintiff and the similarly-situated employees were non-exempt, Defendant's refusal to pay Plaintiff and Class Members overtime compensation for overtime hours worked violated the KWHA.

73. Upon information and belief, the Rule 23 Class is sufficiently numerous that joinder of all members is impractical, satisfying Fed. R. Civ. P. 23(a)(1).

74. All members of the Rule 23 Class share the same pivotal questions of law and fact, thereby satisfying Federal Rule of Civil Procedure 23(a)(2). Namely, all members of the Rule 23 Class share common questions, including: (1) whether Defendant paid them overtime compensation for all overtime worked; and (2) whether Defendant failed to pay them the full amount of overtime compensation earned.

75. Plaintiff's claims are typical of the claims of the Rule 23 Class, thus satisfying Fed. R. Civ. P. 23(a)(3) typicality. Defendant's failure to pay Plaintiff overtime compensation was not the result of any circumstances specific to the Plaintiff. Rather, it arose from Defendant's common pay policies of not paying overtime pay, which Defendant applied generally to their employees, despite the fact that Plaintiff and the similarly-situated employees were non-exempt and entitled to overtime pay.

76. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class.

77. Plaintiff has retained competent counsel experienced in representing classes of employees in lawsuits against their employers alleging failure to pay statutorily required overtime compensation, thus satisfying Fed. R. Civ. P. 23(a)(4).

78. By failing to pay Plaintiff and Class Members for all hours worked, and failing to pay employees the full amount of overtime compensation earned, Defendant has created the circumstance under which questions of law and fact common to the Rule 23 Class members predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for fair and efficient adjudication of this matter. Accordingly, Plaintiff should be permitted to pursue the claims alleged herein as a class action, pursuant to Fed. R. Civ. P. 23(b)(3).

## COUNT I

## VIOLATION OF FLSA
### NONPAYMENT OF OVERTIME COMPENSATION

79. Plaintiff incorporates by reference all preceding paragraphs as if the same were set forth again fully at this point.

80. Defendant is subject to the wage requirements of the FLSA because Defendant is each an "employer" under 29 U.S.C. § 203(d).

81. During all relevant times, the members of FLSA Collective, including Plaintiff, were covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

82. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1½) times the regular rate at which he or she is employed. See 29 U.S.C. § 207(a)(1).

83. Defendant is not exempt from the requirements of the FLSA with respect to the employment of Plaintiff and the FLSA Collective.

84. Plaintiff and the FLSA Collective are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

85. Defendant knowingly failed to compensate Plaintiff and the FLSA Collective at a rate of one and one-half (1½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

86. Defendant willfully violated the FLSA by engaging in a pattern or practice (or patterns or practices) of:

   a. failing to keep accurate records showing all the time it permitted and/or required Plaintiff and members of the proposed collective to work, from the first compensable act to the last compensable act;

   b. permitting and/or requiring Plaintiff and FLSA Collective to perform integral and indispensable activities (*i.e.*, work) in excess of forty hours in a work week, for the benefit of Defendant and without compensation at the applicable federal overtime rates;

   c. failing to promptly pay employees for their overtime work at the same time as, or as soon as practicable after, the regular pay day for non-overtime work performed in the same period; and

   d. failing to pay employees for compensable time worked in excess of their scheduled shifts.

87. Pursuant to 29 U.S.C. § 216(b), employers, such as Defendant, who fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for the unpaid minimum and overtime wages, an additional equal amount as liquidated damages, reasonable attorney's fees, and costs of the action.

## COUNT II

**VIOLATION OF <u>KY. REV. STAT. ANN. §§ 337.275</u>, *ET SEQ*.
<u>BY NONPAYMENT OF WAGES.</u>**

88. All previous paragraphs are incorporated as though fully set forth herein.

89. Plaintiff bring this claim on behalf of all members of the proposed Rule 23 Class.

90. Kentucky state law requires that covered employees be compensated for every hour worked in a workweek. *See* <u>KY. REV. STAT. ANN. §§ 337.275</u>, *et seq*.

91. <u>KY. REV. STAT. ANN. § 337.285</u> requires that employees receive overtime compensation "not less than one and one-half (1-1/2) times" the employee's regular rate of pay for all hours worked over forty in one workweek. *See also* 803 Ky. Admin. Regs. 1:060.

92. During all times material to this complaint, Defendant was a covered employer required to comply with <u>KY. REV. STAT. ANN. § 337.010(1)(d)</u>.

93. During all times material to this complaint Plaintiff and the Rule 23 Class were covered employees entitled to the protections of the KWHA. *See* <u>KY. REV. STAT. ANN. § 337.010(1)(e)</u>.

94. Defendant is not exempt from providing Plaintiff and Class Members the KWHA's overtime benefits because the employees do not fall within any of the exemptions set forth therein. *See* <u>KY. REV. STAT. ANN. § 337.285(2)</u>.

95. Defendant has violated the KWHA with respect to Plaintiff and the Rule 23 Class by, *inter alia*, failing to compensate them for all hours worked in excess of forty per workweek at one and one-half their "regular rate" of pay.

96. In violating the KWHA, Defendant acted willfully and with reckless disregard of clearly applicable provisions of the KWHA.

97. Pursuant to KY. REV. STAT. ANN. § 337.385, Defendant, because they failed to pay employees the required amount of wages and overtime at the statutory rate should be found liable to the employees not only for the unpaid wages, but also for liquidated damages in an amount equal to the amount of unpaid wages.

98. Pursuant to KY. REV. STAT. ANN. § 337.385, Plaintiff and Class Members are entitled to reimbursement of the litigation costs and attorney's fees expended if they are successful in prosecuting an action for unpaid wages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays that the Court:

A. Issue process and bring Defendant before the Court;

B. Authorize notice to issue to members of the proposed collective action and permitting similarly-situated persons a reasonable opportunity to join this litigation with respect to claims under the FLSA;

C. Certify a class of similarly-situated employees whose rights were violated by Defendant under state law, and grant relief available under applicable state law, including unpaid wages, liquidated damages, and attorney's fees and other litigation expenses, to the class;

D. Empanel a jury for the trial of all issues of fact;

E. Enter a judgment awarding Plaintiff and the Classes damages in the amount of the unpaid overtime compensation, plus liquidated damages in a like amount (including in the amount of overtime compensation paid but not paid promptly in violation of the FLSA and/or KWHA), in amounts to be proven at trial;

F. Award Plaintiff and similarly-situated persons joining this litigation all costs of litigation, including expert fees and attorneys' fees;

G. Grant Plaintiff and similarly-situated persons joining this litigation all costs of litigation and such other further and/or general, legal and/or equitable relief to which they are entitled or which the Court otherwise deems appropriate.

Respectfully submitted,

/s/ Mark N. Foster
Mark N. Foster
Law Office of Mark N. Foster, PLLC
P.O. Box 869
Madisonville, KY 42431
(270) 213-1303
Mfoster@MarkNFoster.com
*Counsel for Plaintiff*